# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH DIVISION

**VERNA BREWER**

    **PLAINTIFF**

                             **CIVIL ACTION NO:** __5:23-CV-123-BJB__
                             **JURY TRIAL DEMAND**

**VS.**

**AIR PRODUCTS AND CHEMICALS, INC.**
**(f/k/a Airco Chemical)**
**ATTN: TAX DEPT.**
**1940 Air Products Blvd.**
**Allentown, PA 18106**

    **SERVE:**        **CT CORPORATION SYSTEM**
                        **306 W. Main St., Ste. 512**
                        **Frankfort, KY 40601**

    **DEFENDANT**

## COMPLAINT

Comes the Plaintiff, Verna Brewer, by counsel and for her Complaint, states as follows:

## PARTIES

1.    Plaintiff, Verna Brewer, is a long-time resident of Marshall County, Kentucky who currently resides in Benton.

2.    Plaintiff, Verna Brewer, was married to Nelson Dwayne Dotson from June 25, 1955, until his death on January 16, 1973.

3.    Plaintiff, Verna Brewer, was diagnosed with malignant mesothelioma on or about June 30, 2023.

4.    Plaintiff's Decedent, Nelson Dwayne Dotson, was at certain times relevant hereto, employed by the Defendant, where he was exposed to asbestos.  Mr. Brewer unknowingly

1

transferred this asbestos to his home on his contaminated clothing. Verna was in turn exposed to her husband's contaminated clothing, which was a substantial contributing cause of her mesothelioma.

5.    Defendant, **AIR PRODUCTS AND CHEMICALS, INC., f/k/a AIRCO CHEMICAL,** is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

6.    There is complete diversity of citizenship between Plaintiff and Defendant. The amount in controversy exceeds $75,000.00 exclusive of costs, interest and disbursements. Jurisdiction is based upon diversity of citizenship and the amount in controversy.

7.    This Court has original jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1332. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a) and (b). A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

8.    Defendant, AIR PRODUCTS AND CHEMICALS, INC., f/k/a AIRCO CHEMICAL, is a corporation or other business entity which has been and/or is now manufacturing, selling, distributing, installing, removing, constructing, specifying, designing, formulating, developing standards for, preparing, processing, assembling, testing, listing, certifying, marketing, advertising, packaging, labeling, installing, maintained on its property, directed the use of, or otherwise placing into the stream of commerce, asbestos products in the Commonwealth of Kentucky to which the Plaintiff, Verna Brewer, was exposed through her Decedent, Nelson Dwayne Dotson's clothing and person, thereby causing the Plaintiff, Verna Brewer, to suffer tortious injuries.

2

9.      This Court has personal jurisdiction over the Defendant in this action, pursuant to KRS 454.210 (the "Kentucky Long Arm Statute") because, during the relevant time period, it transacted business in the Commonwealth of Kentucky, supplied goods and services in the Commonwealth of Kentucky and/or contracted to supply goods or services in this Commonwealth of Kentucky giving rise to Plaintiff's claims.

10.     This Court has personal jurisdiction over the Defendant in this action pursuant to KRS 454.210 (the "Kentucky Long Arm Statute") because during the relevant period of time this Defendant, among other things, derived substantial revenue from Kentucky, and caused tortious injury to the Plaintiff in this Commonwealth which gives rise to her claims.  Further, the Defendant has contacts with the Commonwealth of Kentucky such that maintenance of this action does not offend traditional notions of fair play and substantial justice.

## FACTUAL BASIS OF CLAIM

11.     Upon information and belief, Plaintiff, Verna Brewer, developed an asbestos-related cancer, malignant mesothelioma, from her exposure to asbestos products in the household from her Decedent, Nelson Dwayne Dotson's, work with and around asbestos-containing products through his work at Air Products and Chemicals, Inc., formerly known as Airco Chemical in Calvert City, Kentucky from approximately 1958 until his death in January 1973.

12.     Plaintiff, Verna Brewer, was exposed both directly and indirectly, in the matter described herein, to asbestos-containing products manufactured, produced, processed, sold, distributed, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, installed, removed, specified, directed the use of, maintained on its property, and/or otherwise placed into the stream of commerce.

13.    The Plaintiff, Verna Brewer, was diagnosed with malignant mesothelioma on or about June 30, 2023.

14.    The Defendant and/or its predecessors have for many years, manufactured, produced, processed, sold, distributed, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, installed, removed, fabricated, specified, directed the use of, maintained on its property, and/or placed asbestos-containing products into the stream of commerce.

15.    The Defendant knew that in the ordinary and foreseeable use of asbestos containing products it produced, processed, sold, distributed, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, installed, removed, fabricated, specified, directed the use of, maintained on its property and/or placed into the stream of commerce, that asbestos would be discharged into the air, contaminating the clothes of individuals working with or around these products, and cause individuals, such as Verna Brewer, residing with the worker to be exposed to substantial and injurious amounts of asbestos dust transferred from the workplace to the home on contaminated work clothes.

16.    The Defendant and/or its predecessors incorporated asbestos-containing component parts into its products rendering them hazardous and defective.  The Defendant and/or its predecessors also sold and/or specified asbestos-containing replacement parts which it knew or should have known would have exposed individuals, such as Verna Brewer, to excessive and harmful levels of asbestos fibers during the foreseeable removal, installation and/or maintenance of these asbestos-containing products, components, and/or replacement parts.

17.     The Defendant knew that individuals, including the Plaintiff, Verna Brewer, who were exposed to clothing contaminated with asbestos would inhale substantial amounts of dust and fibers, creating an unreasonable risk of injury and disease.

18.     The asbestos-containing products produced, processed, sold, distributed, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, installed, removed, specified, directed the use of, maintained on its property, and/or placed into the stream of commerce, by the Defendant reached the Plaintiff and other individuals, without any substantial change or any alteration from their original form.

19.     For many years the Defendant had in its possession medical and scientific information alerting them to the grave dangers inherent in their asbestos-containing products, including the risk of contracting asbestosis, mesothelioma, other forms of cancer, and other bodily harm. This includes the hazards associated with direct, bystander, take-home, household and environmental exposure to asbestos.

20.     The Defendant knew for many years that persons could be exposed to dangerous and hazardous amounts of asbestos dust and fibers as a result of using and being in close proximity to its asbestos-containing products.

21.     The asbestos-containing products were sold and/or distributed by the Defendant in a defective condition unreasonably dangerous to the Plaintiff, Verba Brewer.

22.     The Defendant intentionally and willfully concealed from the public its knowledge of the hazardous nature of their asbestos-containing products and conspired with other companies to conceal the true dangers of asbestos exposure and intentionally and willfully failed to warn

persons such as the Decedent of the dangers inherent in the handling, cutting, sawing, manipulating, tearing, grinding, sanding and/or drilling of asbestos-containing products.

23.     The Defendant failed for many years to warn its employees of the hazards of asbestos-containing products used at its facility and failed to warn of the hazards of household asbestos exposures.  To the extent warnings were provided, they were clearly inadequate.

24.     Persons such as the Plaintiff, Verna Brewer, did not know of the nature and extent of the danger presented by the asbestos-containing products utilized by the Defendant's employees, or that asbestos was transferred to her home on the clothing of her husband.

25.     The Defendant knew or should have known that neither the Decedent, Nelson Dwayne Dotson, or the Plaintiff, Verna Brewer,  would discover or realize the latent dangers of exposure to its asbestos-containing products and should have anticipated that the Decedent, Nelson Dwayne Dotson, would fail to protect himself and others against any dangers from exposure to asbestos-containing products at the Defendant's premises, and that Verna Brewer would likewise fail to take proper precautions when handling her Decedent's contaminated clothing. The Defendant failed to exercise reasonable care to protect Plaintiff against the latent dangers of exposure to asbestos-containing products it manufactured, sold, distributed, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, installed, removed, specified, directed the use of, maintained on its property and/or placed into the stream of commerce, by the Defendant.

26.     The Defendant intentionally and willfully concealed from the public its knowledge of the hazardous nature of asbestos and concealed the true dangers of asbestos exposure on their property, and intentionally and willfully failed to warn persons such as the Plaintiff and her

Decedent of the dangers inherent in the handling of asbestos products utilized on their premises. The Defendant also failed to warn workers who handled or worked in the vicinity of asbestos products that they could transfer asbestos dust from the workplace to the home, causing excessive and harmful exposures to their families.

<u>**CLAIMS FOR RELIEF**</u>
<u>**COUNT I**</u>
<u>**STRICT LIABILITY - FAILURE TO WARN**</u>

27.    The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 26 as though restated herein in full.

28.    The aforesaid actions of the Defendant results in its strict liability in tort for selling and placing into the stream of commerce asbestos-containing products without adequate warnings concerning the hazards of its products, which was the proximate cause of Plaintiff's injuries.

<u>**COUNT II**</u>
<u>**STRICT LIABILITY**</u>
<u>**DESIGN DEFECT/MANUFACTURING DEFECT**</u>

29.    The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 28 as though restated herein in full.

30.    The aforesaid actions of the Defendant results in its strict liability in tort for designing, manufacturing, selling and placing into the stream of commerce asbestos-containing products which reached the Plaintiff, the ultimate consumer, in a defective condition unreasonably dangerous, without substantial change or alteration, which was the proximate cause of Plaintiff's injuries. The consumer and/or user of these products, the Plaintiff, expected the products would perform safely. Plaintiff did not expect Defendant's products to cause her to contract cancer.

**COUNT III**
**NEGLIGENCE**
**FAILURE TO EXERCISE ORDINARY CARE**

31    The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 30 as though restated herein in full.

32.    The aforesaid actions of the Defendant constitutes negligence in that there has been a failure to use reasonable and ordinary care under the circumstances, and this failure has been the proximate cause of the bodily harm suffered by the Plaintiff, Verna Brewer.

**COUNT IV**
**NEGLIGENCE - FAILURE TO WARN**

33.    The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 32 as though restated herein in full.

34.    The aforesaid actions of the Defendant constitutes negligence in that it failed to warn about the health hazards it knew or should have known about the asbestos-containing products it manufactured, sold, distributed, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, installed, removed, specified, directed the use of, maintained on its property, and/or otherwise placed in the stream of commerce, and this failure has been the proximate cause of the bodily harm suffered by the Plaintiff, Verna Brewer.

**COUNT V**
**PERSONAL INJURIES**

35.    Plaintiff hereby incorporates by reference paragraphs 1 through 34, inclusive as if the same were hereto set forth at length.

36.    As a direct and proximate result of the negligence, gross negligence, failure to warn,

8

willful misconduct, strict liability, defective design, conspiracy, misrepresentation and willful omissions of the Defendant, Plaintiff, Verna Brewer, was caused to contract diseases and injuries to her body system, lungs, and respiratory disorders, including malignant mesothelioma. She has suffered great physical pain, mental anguish, shock to her nerves and nervous system and severe anxiety as a result of her exposure to Defendant's asbestos-containing products.

### COUNT VI
### PUNITIVE DAMAGES

37.    The Plaintiff restate and reallege each allegation contained in paragraphs 1 through 36 as though restated herein in full.

38.    The aforesaid actions of the Defendant constitutes intentional, malicious, willful and wanton conduct and gross negligence making them liable to the Plaintiff for punitive damages.

**WHEREFORE,** Plaintiff, Verna Brewer, demands judgment against the Defendant for an amount in excess of Seventy-Five Thousand Dollars ($75,000), for compensatory damages including damages for the impairment/destruction of the Plaintiff's power to labor and earn money, medical expenses, mental and physical pain and suffering, as well as punitive damages, costs of the action, and all relief to which they may appear entitled, including trial by jury of all issues so triable.

Respectfully submitted,

**/s/ Paul J. Kelley** _____
Paul J. Kelley
Joseph D. Satterley
Paul J. Ivie
Sean A. McCarty
SATTERLEY & KELLEY, PLLC
8700 Westport Road, Suite 202
Louisville, KY 40242
PH: (502) 589-5600
Fax: (502) 814-5500
pkelley@satterleylaw.com
jsatterley@satterleylaw.com
pivie@satterleylaw.com
smmcarty@satterleylaw.com
**COUNSEL FOR PLAINTIFF**