UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

VERNA BREWER                                                                                      PLAINTIFF

v.                                                                                       NO. 5:23-CV-123-BJB

AIR PRODUCTS AND CHEMICALS, INC.                                                         DEFENDANT

OPINION & ORDER

      Federal Rule of Civil Procedure 15(a)(2) allows a plaintiff to amend a complaint with "the opposing party's written consent or the court's leave," which typically is "freely give[n]." Either party consent or judicial approval suffices. Rule 21, meanwhile, doesn't mention consent and requires leave of the court if a plaintiff seeks to add a new party: "On motion or on its own, the court may at any time, on just terms, add or drop a party." What about a plaintiff who adds a new party to an amended complaint filed *without* leave but *with* the consent of the existing defendant? Does the amended complaint take effect automatically under Rule 15(a)(2), or fail for lack of leave under Rule 21?

      That's the question raised by the amended complaint Verna Brewer filed in this case. She originally sued Air Products, which employed her deceased husband decades ago, on asbestos-related tort grounds. Complaint (DN 1). Six weeks later— outside the 21-day safe harbor for amendment as of right under Rule 15(a)(1)—she filed an amended complaint that added several new defendants.[1] She did not seek leave to do so. To the contrary, she took the position that judicial approval wasn't necessary because Air Products consented—"permitting Plaintiff to amend her Complaint without leave of Court." Amended Complaint (DN 9) at n.1 (citing Rule 15(a)(2)). Brewer is right that Rule 15(a)(2) didn't require leave of court to alter the allegations against Air Products. Should the company's consent automatically authorize the new allegations against the new parties? Such a rule would be odd; Air

---

[1] The new defendants are Linde Gas & Equipment, Inc.; Linde, Inc.; Linde, LLC; BOC Group, LLC; Linde Holdings N.A., LLC; and Linde Holdings, LLC. They allegedly "produced, sold, distributed, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, installed, removed, specified, directed the use of, maintained on its property, and/or placed into the stream of commerce" asbestos-containing products. DN 9 ¶ 23. The amended complaint, however, does little to elaborate on this boilerplate allegation, the defendants' relationship to Air Products, or their relationship to one another.

1

Products presumably didn't speak on behalf of the six new corporate entities Brewer added to the case.[2]

But oddity doesn't necessarily imply illegality, at least not under the Federal Rules of Civil Procedure. Brewer's proposed course is sensible enough: the Court would simply accept the amended complaint under Rule 15, issue summons, wait on the new defendants to appear, and hear any arguments they have regarding the propriety and timeliness of the allegations against them. *See* FED. R. CIV. P. 15(a)(3) (affording at least 14 days to respond). That procedure would seem to work no injustice to any party and no violence to the text of Rule 15(a). That rule, after all, doesn't distinguish between amended allegations and parties; its grant of authority appears to extend to an "amend[ed] … pleading" of any sort. And the Tenth Circuit has taken this approach, rejecting any implicit distinction between amended allegations and parties: "We have already decided that Rule 15(a) governs the addition of a party." *United States ex rel. Precision Co. v. Koch Indus.*, 31 F.3d 1015, 1018 (10th Cir. 1994).

This makes perfect sense when a court considers an amendment made within Rule 15(a)(1)'s 21-day period when the text plainly requires neither consent nor judicial approval:

> "A party may amend its pleading once as a matter of course within:
>
> > "(A) 21 days after serving it, or
> >
> > "(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

As commentators have recognized, "amendment-as-of-right" during the earliest stage of a case benignly "avoid[s] judicial involvement in the pleading process when there is little reason for" it. WRIGHT & MILLER, *Federal Practice & Procedure* § 1480 (3d ed.). Though circuits are split on this issue, most have accepted that an amendment as of course under Rule 15(a)(1) authorizes the addition of new parties without leave of court under Rule 21. *Compare McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872–73 (5th Cir. 1976) (holding Rule 15(a)(1) controls over Rule 21), *and Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) (same), *with Williams v. U.S. Postal Service*, 873 F.2d 1069, 1072 n.2 (7th Cir. 1989) ("Although defendants had not

---

[2] Ordinarily one would seek consent from the party most affected by the contemplated action. The relationship between Rules 15 and 21 is unusual, in part, because it implicates consent from someone *less* affected by the contemplated action. The parties most affected by Brewer's amendment, of course, are the newly added defendants haled into federal court without their consent—not Air Products, which supplied consent for Brewer to add additional defendants that might *reduce* Air Products' liability.

filed a responsive pleading here, a plaintiff cannot add new defendants through a complaint amended as a matter of course.") (citation omitted).

In an unpublished 2009 decision, the Sixth Circuit agreed. The panel held that a district judge abused his discretion by striking a plaintiff's amended complaint for failure to seek leave under Rule 21—even though the plaintiff amended as of right under Rule 15(a)(1). *See Broyles v. Corr. Med. Servs.*, 2009 WL 3154241, at *3 (6th Cir. 2009) (applying an older version of Rule 15(a)(1) authorizing amendment "as of course" "before being served with a responsive pleading"). This majority approach seems plainly correct given the lack of any textual exception to the text of Rule 15(a)(1), which addresses amendments made "as a matter of course."

What about amendments in "all other cases," which are addressed in Rule 15(a)(2)? Must a litigant seek judicial approval of an amended complaint that adds a new party, or is the "opposing party's written consent" enough?

Few decisions (apparently none within the Sixth Circuit) have attempted to reconcile the text of Rule 15(a)(2) with that of Rule 21 when an amendment occurs outside the early 21-day period addressed by subsection 15(a)(1).³ Unlike Rule 15, Rule 21 directly addresses the joinder of parties, not just the amendment of a complaint. But it does so in terms of the court's authority rather than a party's right. While it doesn't appear to contemplate plaintiffs adding parties to an ongoing litigation at their whim, neither does it bar them from doing so without the judge's leave. Rule 21 provides that parties *may* move to add or drop a party, but (again unlike Rule 15) it doesn't speak in terms of amending pleadings—instead assigning the judge discretion to, "on just terms, add or drop a party." FED. R. CIV. P. 21. Requiring a motion in these circumstances would add mandatory effect to a rule whose text contemplates optionality: "[o]n motion *or* on its own, the court may…" *Id.* (emphasis added).

A few courts have taken the view that Rule 21's specific focus on joinder of parties should trump Rule 15(a)'s more general focus on amendments of any sort. For example, the Seventh Circuit in *Ed Miniat*: "Although Federal Rule of Civil Procedure 15(a) permits a party to freely amend its complaint in a timely fashion, Federal Rule 21 requires a court order to add or drop parties." *Ed Miniat, Inc. v. Globe Life Ins. Co.*, 805 F.2d 732, 736 (7th Cir. 1986) (adopting the minority view that Rule 15(a)(1)

---

³ Despite the abundance of caselaw addressing the interaction of Rule 15(a)(1) and Rule 21, no circuit appears to have directly addressed the relationship between Rule 15(a)(2)'s consent requirement and Rule 21. And the Court's own investigation—undertaken without the benefit of adversarial briefing—has not located any district-court opinions squarely considering the question, either. Some opinions, to be sure, have broadly framed their discussion in terms of Rule 15(a) generally, rather than parsing the potentially important differences between subsections (a)(1) and (a)(2).

doesn't authorize an amendment to add a party without judicial approval under Rule 21). According to basic principles of textualism, "[a]ny conflict or ambiguity which results from a comparison of the two rules must be resolved in favor of the specific and against the general." *Int'l Brotherhood of Teamsters v. AFL-CIO*, 32 F.R.D. 441, 442 (E.D. Mich. 1963). And on that basis, one district court within the Sixth Circuit held that *any* "amendment to a complaint which adds or drops a party requires an order of the Court." *Id.*; *see also id.* at 443 ("[W]hen a proposed amendment to a complaint seeks to effect a change in the parties to the action, Rule 21 ... controls and, to that extent, limits Rule 15(a).").

But is Rule 21 really more specific than Rule 15 on the question of *amendment* by a party, rather than *(mis)joinder* by a court? "It might be argued that Rule 21 is the general provision since it deals in broad terms with dropping and adding parties by motion, and Rule 15(a) is a more specific provision because it sets forth a particular means by which a party may attempt to drop or add parties—by an amendment to the pleadings." *Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 545 (E.D. Mich. 2015) (quoting WRIGHT & MILLER, § 1479). Viewed this way, the two rules work together: Rule 15 tells a litigant how to add a party, and Rule 21 tells the court what it may do in response. The alternative reading not only adds words to the text (by mandating a motion the rules treat as optional), but also places the two rules in tension: Rule 15 would authorize any amendment made by consent or court order, while Rule 21 would reject an amendment made by consent without a court order. When a fair reading of the text allows, courts try to avoid such dissonance. "The provisions of a text should be interpreted in a way that renders them compatible, not contradictory." Antonin Scalia & Bryan Garner, *Reading Law* 180 (2012). Notwithstanding the split of authority on this question, viewing Rule 15 as specific to litigants' addition of parties and Rule 21 as specific to judicial reaction to misjoined parties is the most sensible interpretation. It harmonizes the text and structure of these two rules. *Cf. In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006) ("[I]t is a cardinal rule that a statute is to be read as a whole, in order not to render portions of it inconsistent or devoid of meaning." (internal quotation marks omitted)).

Recognizing a right to amend under Rule 15(a)(2), notwithstanding Rule 21, does not give plaintiffs a unilateral right to amend a complaint at any time and for any reason; permission from either the judge or opposing party is still required. It's easy to reconcile this optional route through Rule 15(a)(2) with Rule 21's anticipation that a party *may* move to add or drop a party. And an amendment to add a party under Rule 15 by consent, rather than through leave, doesn't cut off the judge's authority to attend to the effect of an amendment on the litigation. The court, "on its own," "may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. So even if an amendment by consent makes mischief, judges retain that authority to effectively cull the parties. *See, e.g.*, *Avenatti v. Fox News Network, LLC*, 2021 WL

2143037, at *2 (D. Del. May 26, 2021) (Bibas, J., by designation) (dismissing newly added party under Rule 21); *Walker v. Martin*, 2023 WL 6050231, at *2–3 (W.D. Ky. Sept. 15, 2023) (similar). WRIGHT & MILLER sometimes suggests that the Rules may "require a motion for leave to amend" under Rule 21 to account for "the possible effects of the proposed amendment on the other parties to the action." § 1481.[4] But overreading Rule 21 and underreading Rule 15 to require a motion that the text makes optional is not the only (and is hardly the best) solution. A district judge may still "consider th[os]e possible effects," *id.*, by deciding whether to sever a party joined under Rule 15, as illustrated by the *Avenatti* and *Walker* decisions cited above.

Because Air Products consented, the Court has no occasion—as of yet—to consider the appropriateness of Brewer's newly joined parties. After service, they may raise any issues that might be pertinent to that consideration through an appropriate motion—under Rule 12, Rule 21, or otherwise. The Court therefore instructs the Clerk to docket the amended complaint as the operative pleading in this case, and to issue summons for Brewer to serve.

Benjamin Beaton, District Judge
United States District Court

November 22, 2023

---

[4] WRIGHT & MILLER does not take a clear position on the interaction between Rule 15(a) and Rule 21. In some places it suggests that Rule 15 controls over Rule 21, so a party seeking to add additional parties may do so by amendment rather than by motion. *See* § 1479. Elsewhere, however, the treatise suggests that courts should, in some situations, require a motion under Rule 21. *See* § 1481.