UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:23-CV-00123-BJB-HBB

**VERNA BREWER**                                                                                                    **PLAINTIFF**

**VS.**

**AIR PRODUCTS AND CHEMICALS, INC., et al.**                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant Air Products and Chemicals, Inc. to strike Plaintiff Verna Brewer's responses to requests for admission, filed at DN 46. The Defendant was formerly known as the BOC Group, Inc., and the parties have elected to refer to it as "BOC." In the interest of uniformity, the Court will also refer to the Defendant as BOC. Brewer has filed a Response at DN 49, and BOC's Reply is at DN 50.

BOC states that it served Brewer with Interrogatories, Requests for Production of Documents and Requests for Admission on March 22, 2024 (DN 46, p. 1). Pursuant to the Federal Rules of Civil Procedure, the responses to the Requests for Admission were due on April 22, 2024, 30 days following service.[1] Brewer did not file responses to the Requests for Admission or the other discovery requests by the deadline. On April 24, 2024, BOC's counsel wrote to Brewer's counsel pointing out her failure to respond to the discovery requests (Id. at p. 2). BOC and Brewer's counsel spoke by telephone that day and discussed the extent to which Brewer could provide responses in advance of her discovery deposition scheduled for April 29. BOC agreed to evaluate the discovery requests and determine if the scope could be limited for purposes of

---

[1] March 21, 2024, was the 30th day following service, however it was a Sunday. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), the deadline extended to the next business day.

Brewer's pre-deposition responses. They agreed to a follow-up discussion in two days. On April 25, 2024, Brewer provided at least partial responses to the discovery requests. On April 26, 2024, BOC advised Brewer that BOC could only cull one discovery request from what was needed in advance of her deposition (Id.). That same day Brewer requested a thirty-day extension of time to provide the discovery response. BOC agreed to an extension to May 12, 2024. Brewer served BOC with answers to the interrogatories, responses to the requests for production, and responses to the requests for admission. BOC contends that, although it agreed to an extension of time for Brewer's responses to the interrogatories and requests for production, the time for Brewer's responses to the requests for admission was not part of the agreed extension (Id. at p. 3). Fed. R. Civ. P. 36(a)(3) provides that failure to file a response to a Request for Admission by the deadline is deemed an admission. BOC asks that Brewer's late-served responses be stricken, and for an award of costs.

Brewer does not dispute that BOC sent the discovery requests, including the Requests for Admission, to her counsel. Brewer's counsel has averred that Brewer was unaware that the discovery requests had been submitted until alerted by BOC's letter on April 24, 2024. Brewer explains that the firm representing her utilizes a system whereby a member of the firm's staff monitors all federal and state electronic filing systems and alerts the attorney responsible for a case that a deadline exists. Similarly, the staff member is responsible for incoming mail and alerting the responsible attorney of a deadline. Upon receipt of BOC's letter, Brewer's counsel checked his e-mail inbox and located an e-mail from BOC's law firm to which the discovery requests were among 14 attachments. Brewer's counsel states that the e-mail was addressed to four attorneys.

One did not receive the e-mail because the address contained a typographical error. Brewer observes that the e-mail was not addressed to her counsel's support staff[2] (DN 49-1, p. 2-3).

Brewer advances two procedural arguments in opposition to BOC's motion. First, Brewer contends that the Requests for Admission were not properly served. Second, she argues that there is no provision in the Rules for striking responses to Requests for Admission. Should these arguments fail, she asks in the alternative that she be permitted to late-file her responses or withdraw her deemed admissions.

1. Whether BOC properly served the Requests for Admission

Fed. R. Civ. P. 5(b)(1) directs that discovery requests must be served on the opposing party's attorney. Section (b)(2) of the Rule lists several approved methods of delivering the document. Here, the Requests for Admission were delivered to Brewer's counsel by e-mail, and thus section (b)(2)(E) is at issue. This part of the Rule provides that service may be performed by sending it to a registered user by filing it with the court's electronic-filing system[3] "or sending it by other electronic means that the person consented to in writing . . . ." Rule 5(b)(2)(E). Brewer contends that she did not provide written consent for service by e-mail, and, as such, the service is invalid.

BOC does not dispute that Brewer did not provide written consent that pleadings be served on her by e-mail. However, she argues that courts have described the written consent requirement as "unquestionably outmoded." (DN 50, p. 2). BOC asserts that lack of written consent to service

---

[2] Fed. R. Civ. P. 5(b)(1) only requires service on a party's attorney. BOC had no obligation to include support staff on the e-mail.
[3] Service of the requests for admission through the Court's electronic filing system was not an option in this instance, as Fed. R. Civ. P. 5(d)(1)(A) provides that discovery requests are not filed of record until they are used in the court proceeding.

3

by e-mail can be overcome when the serving party can demonstrate "good cause," and good cause exists when a party has previously accepted such service without objection.

BOC's citation of authorities in support of its position lacks context, and they do not support its position. The Court will begin, as did BOC, with Roe v. Marshall Univ. Bd. of Governors, No. 3:22-cv-00532, 2024 U.S. Dist. LEXIS 42319, at *8 (S.D. W. Va. Mar. 11, 2024), which BOC cited for the proposition that the requirement of Rule 5 for written consent for service via e-mail is "unquestionably outmoded," followed by BOC's statement that the Rule is "rarely adhered to." (DN 50, p. 2). Roe, in fact, held opposite to the position BOC advocates. The court found the requirement for written consent to service by e-mail is mandatory under the Rule. The court also held that a party's course of conduct could not serve as a waiver of enforcement of the Rule. The court found support for this position in the advisory committee's notes to Rule 5 and cited ten[4] other decisions arriving at the same conclusion. The "unquestionably outmoded" comment from the court was expressed during a discussion that, even if the court was inclined to "overlook the written consent requirement" which was "unquestionably outmoded," the court would nonetheless be without recourse because the discovery deadline had concluded. Id. at *8. In context, this statement does nothing to detract from the court's explicit opinion that the written consent requirement is mandatory and not subject to any equitable disregard.[5]

---

[4] Radford v. Hosp. Housekeeping Sys., LLC, No. 4:20-4354-SAL-SVH, 2022 U.S. Dist. LEXIS 158160, at *5 (D.S.C. Jul. 8, 2022); QuarterNorth Energy, LLC v. Crescent Midstream, LLC, No. 22-1211, 2023 U.S. Dist. LEXIS 143018, at *2 (E.D. La. Aug. 16, 2023); Evans v. Krook, No. 20-CV-2474 (MJD/ECW), 2022 U.S. Dist. LEXIS 212233, at *8 (D. Minn. Nov. 23, 2022); Gersh v. Anglin, No. CV 17-50-M-DLC-KLD, 2021 U.S. Dist. LEXIS 24779, at *4 (D. Mont. Feb. 9, 2021); Chodosh v. Saunders, No. SACV 20-01326-CJC, 2020 U.S. Dist. LEXIS 225001, at *4 (C.D. Cal. Nov. 5, 2020); Wallen v. Teknavo Grp., No. 12-CV-6196 (MKB) (SJB), 2019 U.S. Dist. LEXIS 55190, at *1, n.3 (E.D.N.Y. Mar. 30, 2019); Martin v. Deutsche Bank Sec. Inc., 676 F. App'x 27, 29 (2d Cir. 2017); Thomas v. Anderson, No. 1:12-cv-1343, 2020 U.S. Dist. LEXIS 37086, at *3 (C.D. Ill. Mar. 4, 2020); Tubwell v. Specialized Loan Servicing, LLC, No. 3:17-CV-15-DMB-RP, 2018 U.S. Dist. LEXIS 141665, at *1-2 (N.D. Miss. Aug. 21, 2018); Davis v. Elec. Arts Inc., No. 10-CV-03328-RS (DMR), 2017 U.S. Dist. LEXIS 147621, 2017 WL 8948082, at *2 (N.D. Cal. Sept. 12, 2017).
[5] Ironically, BOC argues *against* Roe in its Reply (*see* DN 50 at p. 7).

BOC next cites J.H. v. Cruz, No. 3:14-cv-02356, 2022 U.S. Dist. LEXIS 230483, at *7 (M.D. Tenn. Dec. 22, 2022), and Thuy Van v. Language Line, LLC, No. 14-CV-03791-LHK, 2016 U.S. Dist. LEXIS 130753, at *18 (N.D. Cal. Sept. 23, 2016), for the proposition that good cause for disregard of Rule 5's requirements exists when a party has previously accepted service by a method outside Rule 5(b) without objection (DN 50, p. 2-3). Both rely on Salley v. Bd. of Governors, Univ. of North Carolina, 136 F.R.D. 417 (M.D.N.C. 1991) (see J.H., 2022 U.S. Dist. LEXIS 230483, at *7; Thuy Van, 2016 U.S. Dist. LEXIS 130753, at *13). BOC also cites Salley as an authority. However, Roe, the first authority cited by BOC, held:

> Salley involved service of discovery requests by facsimile rather than by mail, the method of service required by Rule 5(b) in 1990 when the discovery was served. The *Salley* court found that service by facsimile did not comply with Rule 5(b). *Id.* However, the court decided that the receiving party had waived its right to insist on service by mail because it had implicitly consented to service by facsimile on prior occasions. Id. at 420-21.
>
> The undersigned does not find Salley to be persuasive here, because *Salley* was decided ten years before Rule 5(b) was amended to require written consent for service "by other electronic means" and to include the advisory committee note explicitly stating that consent could not be implied. Fed. R. Civ. P. 5(b)(2)(E). The analysis in Salley is simply inconsistent with the express language of Rule 5(b)(2)(E) and the advisory committee note.

Roe, 2024 U.S. Dist. LEXIS 42319, at *7.

The last case BOC cites is Estate of Daniels v. City of Indianapolis, No. 1:20-cv-02280-JRS-MJD, 2021 U.S. Dist. LEXIS 241157 (S.D. Ind. Dec. 17, 2021). In that case the court agreed that, as there was no evidence the defendants consented to receive discovery by e-mail, they had no obligation to respond. Id. at *7. Nonetheless, the court found that, because the defendants had responded to the discovery requests, they had waived their right to insist on compliance. Id. In a footnote, the court addressed the advisory committee's notes discussing Rule 5's requirement that consent must be express. The court observed that Rule 5 first authorized electronic service in 2001 and provided that the person consented to such in writing. Moreover, the advisory committee

5

noted that "consent must be express, and cannot be implied from conduct." Id. at n.2 (quoting Fed. R. Civ. P. 5, advisory committee's note to 2001 amendment). The court went on to observe that the committee's notes to the 2018 amendments explained that the "'[p]rovision for electronic service was first made when electronic communication was not as widespread or as fully reliable as it is now" and that '[c]onsent of the person served to receive service by electronic means was required as a safeguard'" and "'[t]hose concerns have substantially diminished,' especially where a party is represented by an attorney." Id. (emphasis omitted) (quoting Fed. R. Civ. P. 5, advisory committee's note to 2018 amendment). The court went on to observe that the Rules requirement was crafted at a time when e-mail communications were not as ubiquitous as today and weighed this in favor of employing an "inherently unfair" equitable exception to the Rule. This holding is impossible to square with the plain language of the Rule. Turning again to BOC's cited authority Roe:

> The advisory committee notes clearly state that service by electronic means other than the court's electronic-filing system is only proper when written consent is obtained, and "[t]the consent must be express, and cannot be implied from conduct." See Fed. R. Civ. P. 5(b) advisory committee's note to 2001 amendment. While this note adds that consent is required because the committee cannot "assume universal entry into the world of electronic communication"—a reason that no longer makes sense given the proliferation of electronic mail—the committee had an opportunity to remove the consent requirement in 2018, but chose not to do so. See Fed. R. Civ. P. 5(b) advisory committee's note to 2018 amendment. Accordingly, express written consent to service by "other electronic means" is required before service can be effected in that manner.

Roe, 2024 U.S. Dist. LEXIS 42319, at *3-4. The Court rejects BOC's contention that the Rule is "rarely adhered to." See Lloyd v. Pokorny, No. 22-3321, 2023 U.S. App. LEXIS 1757, at *12-13 (6th Cir. Jan. 23, 2023) (finding explicit consent to service by e-mail is required); Cole-Grice v. Fannie Mae, No. 1:19-01287-STA-jay, 2022 U.S. Dist. LEXIS 76478 (W.D. Tenn. Apr. 27, 2022) (finding the fact that defendant was unable to serve plaintiff with pleadings by postal mail because

she had been evicted did not authorize service by e-mail without written consent); Tepe v. Javitch Block LLC, No. 1:21-CV-40; 1:22-CV-111; 1:22-CV-231; 1:22-CV-261; 1:22-CV-264; 2022 U.S. Dist. LEXIS 241923, at *10 (E.D. Tenn. Dec. 8, 2022) (finding that sending pleadings by e-mail complete only if party agreed to such service); Roe, 2024 U.S. Dist. LEXIS 42319 (citing multiple authorities). The undersigned has recognized the mandatory nature of consent for service by e-mail in McClurg v. Dallas Jones Enters., Inc., No. 4:20-CV-00201-JHM-HBB, 2022 U.S. Dist. LEXIS 150989 (W.D. Ky. Aug. 23, 2022).

It is undisputed that Brewer had not provided written consent to service of discovery requests by e-mail at the time BOC submitted them. Under the unequivocal language of Fed. R. Civ. P. 5(b)(2)(E) such consent was a prerequisite to valid service. Without valid service, Brewer could not have been in default in her provision of Responses to Requests for Admission and, as such, she cannot be deemed to have admitted the matters due to failure to timely respond.

2. Whether this motion is properly advanced as a motion to strike.

Brewer argues that there is no authority whereby her discovery responses may be stricken (DN 49, p. 6). BOC acknowledges that the responses to requests for admission are not technically part of the record subject to being stricken but advanced the motion as a means of resolving the validity of Brewer's denials of the Requests for Admission (DN 50, p. 4).

Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Requests for Admission are not pleadings as defined under Fed. R. Civ. P. 7(a). BOC's motion is more appropriately characterized as one to deem the Requests for Admission as having been admitted, and this is clearly the objective of the motion, misnomer notwithstanding. The motion will therefore be

7

construed as a motion to deem the requests admitted, as this works no prejudice to Brewer, who has responded to the substance of the motion.

3. <u>Whether Brewer should be permitted to late file her responses or withdraw them.</u>

As an alternative argument, Brewer requests that she be permitted to either late file her responses to the Requests for Admission or withdraw them. As an initial point, a response to a motion, as opposed to a motion by the requesting party, is not the appropriate vehicle for requesting relief. <u>Owens v. Global Equip. Co.</u>, No. 1:17-CV-00182-GNS-HBB, 2019 U.S. Dist. LEXIS 241594, at *6 (W.D. Ky. Feb. 25, 2019). Given the circumstances, however, the issue of whether the admissions should be deemed admitted is intertwined with whether Brewer should be entitled to late file them and thus avoid imposition of the admission merits consideration of her request. Moreover, BOC has responded to her argument without raising the issue. The undersigned will address the issue as though there had been a finding of effective service of the Requests for Admission.

> Brewer points out that several of the Requests for Admission could be case dispositive:
>
> REQUEST FOR ADMISSION N0.1: Admit that you have no evidence that Nelson Dwayne Dotson was exposed to respirable asbestos fibers from any product you attribute to BOC.
>
> REQUEST FOR ADMISSION NO. 2: Admit that you have no evidence that Nelson Dwayne Dotson was exposed to respirable asbestos fibers from any work site or premises you contend was owned, operated, or controlled by BOC.
>
> REQUEST FOR ADMISSION NO. 3: Admit that you have no evidence that Nelson Dwayne Dotson worked with or around any asbestos-containing product(s) at or on a work site or premises you contend was owned, operated, or controlled by BOC.

(DN 49 at p. 9).

Courts recognize that Requests for Admission are intended to narrow the scope of disputed facts at trial, rather than to establish dispositive issues.

8

Federal Rule of Civil Procedure 36 is designed to "expedite trial by eliminating the necessity of proving undisputed and peripheral issues." Kosta v. Connolly, 709 F. Supp. 592, 594 (E.D. Pa. 1989) (citing Peter v. Arrien, 319 F. Supp. 1348, 1349 (E.D.Pa.1970)); Petroff-Kline, 557 F.3d at 293. Request for admissions are not intended to "establish facts which are obviously in dispute or to answer questions of law." U.S. Bank Nat'l Ass'n v. Gunn, 23 F. Supp. 3d 426, 433 (D. Del. 2014) (quoting Kosta, 709 F. Supp. at 594). As such, the Court can disregard a party's failure to abide by the time requirements of Rule 36 when "the delay was not occasioned by a lack of good faith, when such filing will facilitate a proper determination of the merits and when the untimely response will not unduly prejudice the requesting party." Szatanek v. McDonnell Douglas Corp., 109 F.R.D. 37, 39-40 (W.D.N.Y. 1985) (collecting cases); Time for Requests and Responses to Requests, 8B Fed. Prac. & Proc. Civ. § 2257 (3d ed.).

Patti's Holding Co., LLC v. Zurich Am. Ins. Co., No. 5:20-CV-00084-TBR, 2021 U.S. Dist. LEXIS 239467, at *5 (W.D. Ky. Dec. 15, 2021). As the Eastern District has observed:

> Despite the apparent severity of Fed. R. Civ. P. 36, however, courts in the Sixth Circuit are shy to impose a "draconian" interpretation of the civil rules. United States v. Petroff-Kline, 557 F.3d 285, 293 (6th Cir. 2009). Thus, as discussed previously by this Court, while it is "true that untimely responses to requests for admission are deemed admitted under Fed. R. Civ. P. 36(a)(3), the court has discretion to allow additional time for untimely responses, even after the time fixed by the rule has expired, thus permitting what would otherwise be untimely answers." [R. 57 (Atkins, J.) (compelling Defendants to respond to Plaintiff's requests for admission and other discovery requests (citing 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2257 (3d ed. 2010)))]. There is ample "discretion vested in district courts to permit a longer time for a written answer to a request for admissions and to accept 'the filing of an answer that would otherwise be untimely.'" Petroff-Kline, 557 F.3d at 293 (quoting Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir.1983)); see also Fed. R. Civ. P. 36(a)(3) ("A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."). "Hence, 'the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted.'" Petroff-Kline, 557 F.3d at 293. (quoting Gutting, 710 F.2d at 1312)).

Brown v. Stacy, No. 6:16-CV-91-DLB-EBA, 2017 U.S. Dist. LEXIS 216919, at *26-27 (E.D. Ky. Dec. 5, 2017). Here, even if Brewer had consented to service of the Requests for Admission by e-mail, she has demonstrated that her failure to timely file a response was due to inadvertence on the part of her counsel. There is no indication of a lack of good faith. Although BOC would prefer

9

not to have to litigate the dispositive facts, the untimely response will not unduly prejudice it, as Brewer has contested those facts throughout the case. Brewer is entitled to an extension of time such that her responses are deemed timely filed.

BOC's motion requested an award of costs. As BOC has not prevailed on the motion, an award is not appropriate. Brewer requested a hearing. The undersigned has concluded that the issue can be resolved without a hearing, and the request is denied.

**WHEREFORE**, the motion of Defendant Air Products and Chemicals, Inc. to strike Plaintiff Verna Brewer's responses to requests for admission, DN 46, is **DENIED**.

July 15, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:   Counsel of Record