**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:23-CV-00123-BJB-HBB**

**VERNA BREWER**                                                                              **PLAINTIFF**

**VS.**

**AIR PRODUCTS AND CHEMICALS, INC., et al.**                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion of Defendant Messer, LLC ("BOC")[1] for the Court to issue orders permitting it to obtain records from various entities in discovery (DN 47). Plaintiff Verna Brewer has filed a Response in opposition (DN 48), and BOC has replied (DN 51).

Nature of the Case and Subject Motion

Brewer has malignant mesothelioma. She was married to Nelson Dwayne Dotson between 1958 until his accidental death in 1973. She claims her cancer was caused by exposure to asbestos contaminated clothing her husband wore home from work (DN 1, p. 3-4). BOC contends there is no evidence Nelson Dotson had any asbestos-related disease at the time of his death (DN 47, p. 2).

In 1975 Brewer briefly married Thomas Reeves, their marriage ending in divorce after a few months. Thomas Reeves is now deceased. BOC believes Thomas Reeves was employed at a company where he may have been exposed to asbestos (*Id.*). In 1982 Brewer married James David Brewer, and they remained married for thirty-seven years until his death in 2020. BOC believes James Brewer was employed at companies where he may have been exposed to asbestos (*Id.* at p. 3-4).

---

[1] The Defendant was formerly known as the BOC Group, Inc., and the parties have elected to refer to it as "BOC." In the interest of uniformity, the Court will also refer to the Defendant as BOC.

BOC wishes to conduct discovery to obtain records about Brewer's former husbands' employment, which BOC contends bear relevance to other potential sources of asbestos exposure. BOC also wishes to obtain Brewer's former husbands' medical records, which it contends bear relevance to whether they suffered from any asbestos exposure-related disease or may reveal other types of exposure which might have impacted Brewer's health. BOC further contends that it has been unable to locate any personal representatives of the estates of the deceased former husbands who could execute consents to disclosure of information. Consequently, BOC asks the Court to issue orders directing the production of records from the Social Security Administration, the Kentucky Department of Workers' Claims, and from employers and medical providers.

Brewer's Standing to Object

A threshold question before addressing Brewer's opposition to BOC's motion is whether she has standing to object. In the context of subpoenas, it is well-settled in the Sixth Circuit that a party ordinarily has no standing to challenge a subpoena issued to a non-party without first showing a claim of privilege or personal right exists in the information sought. *See Mann v. Auto-Owners Ins. Co.*, No. 1:22-CV-00025-GNS-HBB, 2024 U.S. Dist. LEXIS 54964, at *2 n. 1 (W.D. Ky. Mar. 27, 2024) (citing authorities). However, BOC's motion does not relate to the issuance of subpoenas pursuant to Fed. R. Civ. P. 45. Rather, BOC seeks Court orders directing the production of the information. Rule 26(c)(1) authorizes a "party or any person from whom discovery is sought" to move for a protective order. "Unlike a motion to quash, a motion for a protective order is available to 'a party or any person from whom discovery is sought.' Fed. R. Civ. P. 26(c)(1). Courts in the Sixth Circuit have interpreted the mention of 'a party' as allowing parties to file a motion for a protective order for a non-party." *Proto Gage, Inc. v. Fed. Ins. Co.*, No. 21-12286, 2022 U.S. Dist. LEXIS 90334, at *6 (E.D. Mich. May 19, 2022); *see also Rogers*

*v. City of Frankfort*, No. 3:21-CV-00023-GFVT-EBA, 2023 U.S. Dist. LEXIS 236833, at *6 (E.D. Ky. Mar. 22, 2023).  Courts have further recognized this as a ground upon which a party may object to discovery issued to a non-party, even when not presented as a motion for a protective order.  *See Profitt v. Highlands Hosp. Corp.*, No. 7:19-CV-00015-KKC-EBA, 2021 U.S. Dist. LEXIS 223837, at *8-9 (E.D. Ky. Nov. 19, 2021); *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, No. 14-11700, 2016 U.S. Dist. LEXIS 172160, at *7-8 (E.D. Mich. June 16, 2016).  However, the Court's analysis of the objection must be framed in terms of Rule 26(c)(1).  If BOC demonstrates the requested information is relevant under Rule 26(b)(1), the burden shifts to Brewer to demonstrate that "good cause" exists to preclude the discovery under Rule 26(c).  *See Rogers*, 2023 U.S. Dist. LEXIS 236833, at *6-7.

<u>Relevance Standard for Discovery</u>

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1).  The discovery must be:

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id.*

<u>Social Security Administration Records</u>

BOC contends that Brewer's deceased former husbands' social security employment records are:

> essential to determine their work histories and to discover potentially relevant information related to any friable asbestos they may have brought home from their work and into Plaintiff's breathing zone.  The SSA maintains Social Security Earnings Statements for every wage earner who has reported Social Security earnings at every job at which the individual worked.  The SSA Earnings

3

> Statements will allow all parties to discovery potential alternate sources of asbestos exposure to Plaintiff.

(DN 47, p. 5). BOC further states that Brewer was unable to recall sufficient information about her prior husbands' employment to enable it to undertake an investigation without the SSA records. BOC seeks a court order directing the SSA to provide records regarding the deceased husbands' employment under the auspices of 20 CFR § 401.180.

> Except as permitted by the Privacy Act of 1974, the regulations implementing the Privacy Act, or when required by the Freedom of Information Act, the SSA will not disclose an individual's records without his or her written consent. 20 C.F.R. § 401.100(a). Under the Privacy Act the SSA may disclose information "when ordered to do so by a court of competent jurisdiction." 20 C.F.R. § 401.180(a). The court order must be issued under the authority of a federal court, signed by a judge or magistrate judge of that court, and must command the SSA to disclose information. *Id.* § 401.180(c). Even if an order satisfies the requirements in § 401.180(c), however, disclosure is not guaranteed. The SSA will disclose information if: the SSA, its Commissioner, or any of its officers or employees in their official capacity is properly a party in the proceeding; the information is necessary for due process in a criminal proceeding; or another section of the regulations specifically allows for the release. *Id.* § 401.180(e). In all other circumstances, the SSA may disclose the information, balancing the needs of the court and the confidentiality of the information. *Id.* § 401.180(f). Thus, even with a court order, SSA possibly may not disclose the requested records. Section 401.180 "adds another hurdle by creating a presumption against disclosure in circumstances other than those enumerated."

*Wolf v. College of the Holy Cross*, No. 20-14244-CIV, 2020 U.S. Dist. LEXIS 266079, at *4-5 (S.D. Fla. Dec. 16, 2020) (citations omitted) (emphasis omitted). "[T]he regulations clearly contemplate that a court of competent jurisdiction may order the disclosure of agency held information and, under certain circumstances, the agency will comply." *BNSF Ry. Co. v. Ctr. for Asbestos Related Disease, Inc.*, No. 19-40-M-DLC, 2023 U.S. Dist. LEXIS 80427, at *7 (D. Mont. May 8, 2023). "Where the Court *may* be limited is in compelling the disclosure of information *after* the Commissioner has declined a court's order." *Id.*; *see also Mason v. S. Bend Comm. Sch. Corp.*, 990 F. Supp. 1096, 1097-98 (N.D. Ind. 1997).

4

Brewer has challenged BOC's request for an order directing the SSA to provide the employment records on two grounds. First, she contends the regulation does not authorize release of the information because none of the enumerated circumstances apply (where another section of the regulation specifically permits release of the records; the SSA Commissioner is a party; or the disclosure is necessary to ensure an individual accused of criminal activity receives due process in a criminal proceeding) (*see* 20 C.F.R. § 401(e)) (DN 48 at p. 2-3). Second, Brewer contends the scope of the requested order is overbroad, is not limited to relevant documents, and is not proportional to the needs of the case (*Id.* at p. 3-4). Brewer notes that she and Thomas Reeves were only married for approximately two months, and the scope of any inquiry into his employment should be limited to that period of time. As she and David Brewer married in 1982, only records from that year forward could arguably be relevant. Brewer also notes that the broad nature of BOC's requested order exceeds what could be relevant to potential asbestos exposure.

BOC responds that, as it has no information that either Messrs. Reeves or Brewer applied for Social Security Disability benefits, it is unlikely their files contain information other than that related to places of employment and pay. As to the propriety of an order directing the SSA to provide information, BOC points out that 20 C.F.R. § 401.180(f) contains a provision that the SSA *may* disclose information in circumstances other than the enumerated ones, if the SSA deems the disclosure appropriate.

BOC's defense against Brewer's claim includes the possibility that, even if her cancer is the result of exposure to asbestos brought home from the workplace on her husband's clothing, the culprit was the clothing of her second or third husband, or perhaps exposure arose from another employer of her first husband. As such, information about their places or work is relevant to BOC's defense. The regulations contemplate the issuance of a Court order permitting the SSA to

5

disclose records, but in this instance, it appears the SSA's compliance with the order will be discretionary. Brewer's argument that the time frame should be limited, however, is well taken. The only relevant employment records for any of Brewer's former husbands would be those during the time of their marriage.

Brewer's Former Husbands' Employment and Medical Records

BOC seeks an order directing any former employer or medical provider for Brewer's former husbands to provide records. Essentially, BOC seeks orders compelling the production of documents. Service of a subpoena on a non-party is a prerequisite to any order by the court compelling production. *See United States SEC v. Ahmed*, No. 3:15cv675 (JBA), 2017 U.S. Dist. LEXIS 216094, at *2 (D. Conn. Mar. 3, 2017); *Harleysville Mut. Ins. Co. v. Kingsport Packaging Co.*, No. 2:02-CV-235, 2005 U.S. Dist. LEXIS 47876, at *1-2 (E.D. Tenn. Sept. 1, 2005). The structure of Fed. R. Civ. P. 45 provides important procedural safeguards to non-parties from whom discovery is sought. It permits the subpoenaed party an opportunity to object and move to quash if the information sought is privileged or imposes an undue burden. Fed. R. Civ. P. 45(d)(3). Further, the proposed order is not directed to any specific individual or organization. Rather it is a blanket order covering any employer or healthcare provider. Rule 45 imposes geographical limitations on compliance with a subpoena, and a mechanism for resolution of objections by a court in the district where compliance is required. BOC's proposed order would disregard any geographic limitation.

Regarding the provision of medical records, BOC argues 45 C.F.R. § 164.512(e)(i) authorizes a court order. The regulation *permits* a covered entity to disclose protected health information in the course of a judicial proceeding in response to a court order. The regulation does

not abrogate the need for service of a subpoena. Upon receipt of a subpoena, a healthcare provider can insist on a qualified protective order before divulging the records.

Workers' Compensation Records

BOC asks the Court for an order directing the Kentucky Department of Workers' Claims to produce any records of claims by Brewers' former husbands. It contends the standard procedure of submitting a subpoena to the KDWC, along with proof that opposing counsel had been notified of the intention to issue the subpoena, is not available in this case, as the records at issue are not those of the party seeking damages (DN 47, p. 8-9). BOC argues the records are relevant as they will reflect the occupations and work histories of the former husbands, and whether their work histories suggest exposure at facilities other than BOC's may have caused or contributed to Brewer's illness. Further, the records may contain information about the identities of the former husbands' healthcare providers. BOC states the requested order will also obviate any concerns related to HIPAA protected information (*Id.* at p. 9).

Brewer disputes that BOC cannot utilize a subpoena to obtain the Workers' Compensation records. Neither party cites any authority on the issue. However, in its Reply, BOC states that a paralegal with its attorney's office spoke by telephone with KBWC's General Counsel and was informed that, in a civil matter, the KBWC would reject a subpoena that requested the records of a non-party to the litigation. However, BOC also reports that, if presented with a court order and copy of the Complaint, the KBWC would at least consider releasing the records (DN 51, p. 5). With all respect to BOC's counsel, a report of a telephone conversation does not constitute legal authority upon which the Court can act. Even if it may be a futility, the civil rules make no provision for bypassing the subpoena procedure and proceeding directly to an order of compulsion, regardless of expediency. BOC has not cited any applicable regulation whereby the KBWC has

consented to jurisdiction for purposes of an order directing it to produce records. It is the subpoena process which creates jurisdiction under the rules to issue orders to non-parties.

**WHEREFORE**, the motion of Defendant Messer, LLC for the Court to issue orders permitting it to obtain records from various entities in discovery, DN 47, is **GRANTED IN PART and DENIED IN PART**. The Court will issue an order directing the Social Security Administration to release the records of Plaintiff's prior husbands; however, the Defendant is directed to tender a revised order limiting the scope to those periods of time during which Brewer was married to the individuals. The request for issuance of orders directing production of records from the Kentucky Department of Workers' Claims and from Brewer's former husbands' employers and medical providers is **DENIED**.

July 19, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:    Counsel of Record